MATTHEW M. YELOVICH (NYBN 4897013)
Attorney for the United States
Acting under Authority Conferred by 28 U.S.C. § 515

MATTHEW M. YELOVICH (NYBN 4897013)
Acting Chief, Criminal Division

GLENN S. LEON (NYBN 250785)
Chief, Fraud Section

JACOB FOSTER (CABN 250785)
Principal Assistant Chief
Fraud Section, Criminal Division

    950 Constitution Avenue, NW
    Washington, D.C. 20530
    Telephone: (202) 514-2000
    FAX: (202) 514-3708
    Jacob.Foster@usdoj.gov

KRISTINA GREEN (NYBN 5226204)
KATHERINE M. LLOYD-LOVETT (CABN 276256)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6912
    FAX: (415) 436-7234
    Kristina.Green@usdoj.gov
    Katherine.Lloyd-Lovett@usdoj.gov

Attorneys for United States of America

**FILED**

Jul 12 2024

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **CASE NO. 24-CR-329 CRB** |
| Plaintiff, | [~~PROPOSED~~] **DETENTION ORDER** |
| v. | |
| RUTHIA HE, | |
| Defendant. | |

On June 12, 2024, defendant Ruthia HE was charged by indictment with conspiracy to distribute and distribution of controlled substances, in violation of Title 21 United States Code Sections 846,

841(a) and 841(b)(1)(C); conspiracy to commit health care fraud, in violation of Title 18 United States Code Section 1349; and conspiracy to obstruct justice, in violation of Title 18 United States Code Section 1512(k).

This matter came before the Court on July 12, 2024, for a detention hearing. The defendant was present and represented by Vicki Chou. Principal Assistant Chief of the Fraud Section, Jacob Foster, appeared for the government. The government moved for detention, and the defendant opposed. At the hearing, counsel submitted proffers and arguments regarding detention.

Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on the record, the Court finds that no condition or combination of conditions will reasonably assure the appearance of the person as required. Accordingly, the defendant must be detained pending trial in this matter.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1). As noted on the record, the Court makes the following findings as the bases for its conclusion: the defendant has only thin ties to the United States, including no fixed residence where she has resided for any substantial period; the defendant has substantial ties to China, including Chinese citizenship, family ties, and extensive travel to China; the defendant has substantial financial resources abroad; the defendant has a place to flee to in China and family in China who would welcome her there; evidence proffered by the government indicates that the defendant had been making plans to flee after she became aware of the subpoenas served upon her companies, Done Global and Done Health; the defendant is facing a potentially significant prison sentence in the United States in the event of conviction; and the Court believes that the defendant's appreciation of the risk that she will face significant consequences for the alleged criminal violations has increased substantially between the time when the government served the subpoenas in 2022 and now given that the grand jury has returned an indictment. In sum, the Court finds that there are no conditions that could be imposed that would mitigate the flight risk. This finding is made without prejudice to the defendant's right to seek review of defendant's detention, or file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1.     The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2.     The defendant be afforded reasonable opportunity for private consultation with counsel; and

3.     On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: July 12, 2024

_____
HONORABLE THOMAS S. HIXSON
United States Magistrate Judge