KEKER, VAN NEST & PETERS LLP
ELLIOT R. PETERS - # 158708
epeters@keker.com
NICHOLAS D. MARAIS - # 277846
nmarais@keker.com
CODY GRAY - # 310525
cgray@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendant RUTHIA HE
specially appearing for bail

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RUTHIA HE and DAVID BRODY,<br><br>Defendants. | Case No. 3:24-cr-00329-CRB<br><br>**[PROPOSED] ORDER SETTING CONDITIONS FOR PRETRIAL RELEASE**<br><br>Dept.:   Courtroom 6 – 17th Floor<br>Judge:   Hon. Charles R. Breyer<br><br>Date Filed: June 12, 2024<br><br>Trial Date: Not yet set |

**[PROPOSED] ORDER GRANTING BAIL AND
SETTING CONDITIONS FOR PRETRIAL RELEASE**

The Bail Reform Act of 1984 requires the release of a defendant pending trial "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). If the Court does not believe release on one's own recognizance will assure appearance or the safety of the community, then it shall order release subject to the "least restrictive further condition, or combination of conditions," necessary to mitigate the risks of nonappearance or danger to the community. 18 U.S.C. § 3142(c)(1)(B). The Act thus "requires release unless no combination of conditions can reasonably assure the appearance of the person and the safety of the community." *United States v. Chen*, 820 F. Supp. 1205, 1207 (N.D. Cal. 1992); *see also United States v. Lynch*, 2023 WL 3436091, at *2 (N.D. Cal. May 11, 2023).

To "determine[e] whether there are conditions of release that will reasonably assure" Ms. He's appearance and "the safety of the community," the Court must consider four factors: "(1) the nature and seriousness of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release." *Lynch*, 2023 WL 3436091 at *2. Courts should not place "great weight" on "the Government's assertions of guilt" because, of these factors, the "weight of the evidence is the least important[.]" *United States v. Hir*, 517 F.3d 1081, 1090 (9th Cir. 2008).

Here, the Court finds that Ms. He does not pose a danger to the community. She does, however, pose a risk of non-appearance. *See* Dkt. 67. She is a Chinese citizen; her parents live in Beijing; she has a Chinese passport (currently in the possession of her counsel); and she has a history of international travel, both for work and to visit family who reside outside the United States. *See* Dkt. 50 (Pretrial Services Report) at 6. These considerations must be weighed, however, in conjunction with others that mitigate her risk of flight. Ms. He, for instance, has

deep and consistent ties to the United States. She is a lawful permanent resident, has lived in the U.S. for 11 years, has been consistently employed here, and hopes to become a U.S. citizen. She also pays taxes and owns property in the United States. She attended graduate school in Pittsburgh and has family members who live in the United States (her aunt, uncle, and cousin). She has founded three companies in this country, advised other companies in the United States, and participates in social and community organizations based in the United States. In addition, Ms. He has no criminal history, no history of flight, no record of drug or alcohol abuse, only modest personal resources, a stable residence at which to live, good physical and mental condition, good character (setting aside the allegations), and has demonstrated good faith in cooperating with the government regarding travel over the last 18 months, including voluntary surrender of her passport in February 2023.

Mindful of the foregoing considerations, the Court finds that there are conditions of release that will reasonably assure Ms. He's appearance at trial.

Accordingly, it is hereby **ORDERED** that Defendant Ruthia He be released from custody, subject to the following conditions:

1. The defendant shall deliver to the Clerk of Court a bond in the amount of $5,000,000, secured by $500,000 in cash and the defendant's shares in Done Global Inc.,[1] which shares shall be accompanied by a power of sale that becomes effective if bail is forfeited.

2. The defendant shall be guarded on a 24-hour basis by a private security company, Rescor. Rescor shall ensure that there are two guards on duty at any time. Rescor will provide the government with a list of the names of employees (with dates of birth and social security numbers) who will be responsible for guarding the defendant, contact information for those employees while they are guarding the defendant, and the schedule for those employees with respect to when they will be assigned to guard the defendant. The private security company, the security

---

[1] Nothing in this Order shall preclude Ms. He from seeking future relief from the Court should she need to sell some of her Done Global Inc. shares to pay for legal fees and costs associated with these proceedings.

| | | |
|---|---|---|
| 1 | | arrangements, and any changes thereto, shall be approved by the United States |
| 2 | | Attorney's Office or this Court. |
| 3 | 3. | Defendant will give her express consent to "temporary preventative detention and |
| 4 | | the use of reasonable force" by the armed security guards, to thwart any attempt to |
| 5 | | flee. |
| 6 | 4. | Upon Defendant's release from Santa Rita Jail, Rescor will immediately fit her |
| 7 | | with an electronic monitoring device. Rescor, Pretrial Services, and the DEA will |
| 8 | | all be given access to the GPS monitoring data on a real-time basis. |
| 9 | 5. | Defendant will be transported from jail directly to a fixed address in Fremont (the |
| 10 | | "Fremont Residence") by two federal agents designated by the United States |
| 11 | | Attorney's Office and two private security guards from Rescor. The government |
| 12 | | may choose any federal agents it would like. Prior to her exit from the vehicle used |
| 13 | | to transport Defendant from Santa Rita Jail to the Fremont Residence, Defendant |
| 14 | | will be released from any handcuffs, chains, or other physical restraints. |
| 15 | 6. | Defendant will remain at the Fremont Residence at all times of day and night, |
| 16 | | except (a) to travel to the offices of her counsel, (b) to attend medical |
| 17 | | appointments, (c) to attend court hearings and trial in this action, and (d) as |
| 18 | | otherwise authorized by this Court. Defendant may use the backyard at the Fremont |
| 19 | | Residence. Whenever the Defendant leaves the Fremont Residence, including if she |
| 20 | | wishes to use the back yard, she will be accompanied at all times by two armed |
| 21 | | security guards supplied by Rescor. |
| 22 | 7. | One month's fees for supplying the armed security guards will be paid in advance |
| 23 | | of the Defendant's release directly to Rescor, and a receipt will be submitted to the |
| 24 | | Clerk of the Court for the Northern District of California. Rescor shall then be paid |
| 25 | | in advance, on a monthly basis, and Defendant shall submit receipts for such |
| 26 | | payments to the Clerk of the Court. |
| 27 | 8. | The defendant shall surrender all travel documents of any kind whatsoever to |
| 28 | | Pretrial Services immediately and shall not apply for or otherwise obtain any new |

travel documents.

9. The defendant must submit to supervision by Pretrial Services and must report immediately upon release and thereafter as directed to Pretrial Services.

10. The defendant shall be entitled to use the following devices at her fixed address: (a) a "dumb" flip-phone that has the capability to make or receive phone calls or text messages, but not to download any "apps," such as WhatsApp or Telegram; and (b) a computer that is approved by and shall be monitored by Pretrial Services. The defendant shall be allowed to use the computer to review discovery, to conduct internet research associated with her defense, and to email or communicate with her lawyers, family, and friends. Pretrial Services shall ensure that the defendant cannot access any ephemeral messaging platforms (*e.g.*, WhatsApp, Telegram, or Signal) on either device. Pretrial Services shall regularly audit defendant's use of her phone and computer.

11. Defendant shall not use any other electronic communication devices (*e.g.*, smart phones, tablets, laptops, or personal computers) except as authorized in Paragraph 10. Defendant's mother, and anyone else who enters the Fremont Residence, shall not allow Defendant to access or use their mobiles phones or electronic devices. Rescor shall inform any residents or visitors of this condition.

12. The defendant shall have no contact, directly or indirectly, with any co-defendant outside the presence of her counsel.

13. The defendant must not use alcohol to excess and must not use or possess any narcotic or other controlled substance without a legal prescription.

**IT IS SO ORDERED.**

Dated: September ___, 2024

_____
HON. CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE