MATTHEW M. YELOVICH (NYBN 4897013)
Attorney for the United States
Acting under Authority Conferred by 28 U.S.C. § 515

MATTHEW M. YELOVICH (NYBN 4897013)
Acting Chief, Criminal Division

GLENN S. LEON (NYBN 250785)
Chief, Fraud Section

EVAN SCHLOM (DCBN 1028758)
Trial Attorney
Fraud Section, Criminal Division

    950 Constitution Avenue, NW
    Washington, D.C. 20530
    Telephone: (202) 514-2000
    FAX: (202) 514-3708
    Evan.schlom@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 24-00329 CRB |
| Plaintiff, | [~~PROPOSED~~] ORDER PURSUANT TO FEDERAL RULE OF EVIDENCE 502(d) |
| v. | |
| RUTHIA HE and DAVID BRODY, | |
| Defendant. | |

THIS CAUSE is before the Court upon the Government's Consent Motion for Entry of Order Pursuant to Federal Rule of Evidence 502(d) and the Stipulated Protective Order [ECF No. 38] entered in this matter.

Having considered the Motion, and for good cause shown, it is hereby **ORDERED** that:

1. The United States Filter Team[1] is authorized to release to Defendants He and Brody the following Potentially Protected Material[2] over which Done Global Inc. and/or Done Health P.C. (together, "Done" or "Third-Party Privilege Claimant") may hold a privilege or protection (the "Done PPM"):

    a. 387 documents in the possession of the United States Filter Team and identified in an Excel file entitled "Done GJ Subpoena PPM Index 09.11.2024" and over which Done has asserted a privilege or protection.

2. The United States Filter Team will not release to the Prosecution Team or any other party the Done PPM, except as authorized by the Court or expressly permitted by the Third-Party Privilege Claimant.

3. Pursuant to Federal Rule of Evidence 502(d), the attorney-client privilege and other privileges or protections are not waived by disclosure connected with the litigation pending before the Court, nor constitute waiver in any other federal or state proceeding.  Nothing in this Order precludes the Third-Party Privilege Claimant from asserting privilege claims over the disclosed materials in this proceeding or any future proceedings in federal or state court.

4. The Government reserves its rights to contest Third-Party Privilege Claimant's privilege assertions over the Done PPM at any time.  However, the United States Filter Team's production of Done PPM to the Defendants pursuant to this Order will not be construed as a waiver as to the Government or any other party, and the Government agrees that it will not claim the United States Filter Team's production of Done PPM to Defendants operated as a waiver.

---

[1] The United States Filter Team may not share a first-level supervisor with anyone on the investigative/prosecution team (the "Prosecution Team"). Any supervisor involved in the Filter Team's review will be walled off from the underlying investigation.

[2] "Potentially Protected Material" is discovery material that is potentially protected from disclosure by the attorney-client privilege, work-product doctrine, or any other legally recognized privilege or protection. This includes, but is not limited to, material over which a potential privilege holder has asserted a specific claim of attorney-client privilege, work-product doctrine, or any other legally recognized privilege or protection, but over which a Court has not yet ruled.

5. In the event Third-Party Privilege Claimant seeks to withhold or limit Defendants' use of the Done PPM at a future point on the basis of the attorney-client privilege, the attorney work product protection, or any other privilege or protection, Defendants reserve their rights to contest those assertions at that time

6. The Done PPM shall be subject to the Stipulated Protective Order [ECF No. 38].

**IT IS SO ORDERED.**

Dated: September 19, 2024

HON. CHARLES R. BREYER
United States District Judge