RAVI T. NARAYAN (CABN 331858)
Attorney for the United States
Acting under Authority Conferred by 28 U.S.C. § 515

RAVI T. NARAYAN (CABN 331858)
Deputy Criminal Chief, Criminal Division

GLENN S. LEON (NYBN 250785)
Chief, Fraud Section

EVAN SCHLOM (DCBN 1028758)
Trial Attorney
Fraud Section, Criminal Division

    950 Constitution Avenue, NW
    Washington, D.C. 20530
    Telephone: (202) 514-2000
    FAX: (202) 514-3708
    Evan.schlom@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>RUTHIA HE and DAVID BRODY,<br><br>    Defendants. | Case No. CR 24-00329 CRB<br><br>MOTION FOR ENTRY OF DISCOVERY PROTOCOL ORDER<br><br>DATE: November 6, 2024<br>TIME: 1:30 PM<br>CTRM: Courtroom 6 – 17th Floor<br>JUDGE: Hon. Charles R. Breyer |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

    **PLEASE TAKE NOTICE** that on November 6, 2024, at 1:30 p.m., or as soon thereafter as the matter may be heard in the courtroom of the Honorable Charles R. Breyer, Senior United States District Judge, located at 450 Golden Gate Avenue, San Francisco, California 94102, Courtroom 6, 17th Floor,

the United States, by and through its undersigned counsel of record, *i.e.*, the designated filter team ("Filter Team")[1] will, and hereby does, move the Court for an order entering a protocol to disclose discovery materials that have been or are potentially subject to claims of privilege by Defendants and certain third parties.

The United States requests entry of the protocol, attached as Exhibit 1 to this motion (the "Discovery Protocol"), to fulfill its discovery obligations to Defendants while respecting Defendants' and third-party claimants' privileges and to resolve privilege disputes. The Discovery Protocol will allow Defendants and the third parties to assert attorney-client privilege and other applicable protections, provide an orderly process for resolving disputes prior to involvement of this Court, and govern the disclosure of non-privileged materials.

Over the past six weeks, the Filter Team has conferred regularly with counsel for Defendants He and Brody to try to negotiate a joint proposed discovery protocol. As of today, the Parties have not reached an agreement. Therefore, pursuant to the Court's instructions at the status hearing on Wednesday, October 16, 2024, the Filter Team is filing its Motion today.

Defendants' counsel's position is that they require additional time to confer with the Filter Team and amongst each other, given that Ms. He has retained new counsel who filed an appearance in this matter earlier today, and considering information the Filter Team has provided to Defendants' counsel in recent days. Absent reaching agreement with the Filter Team on the proposed Discovery Protocol requested in this Motion, Defendants will file a timely opposition to this Motion pursuant to Local Criminal Rule 47-2(d) (or any modified joint proposal prior to that date).

**INRDOCUTION**

As part of its multi-year investigation into Defendants, the Government served hundreds of grand jury subpoenas and executed numerous search warrants, obtaining material from multiple potential

---

[1] The Filter Team consists of attorneys and staff assigned from the U.S. Department of Justice, Criminal Division, Fraud Section's Special Matters Unit, who are responsible for reviewing materials for privilege and work product protections and ensuring that the prosecution team is not exposed to potentially protected material. The attorneys and staff on the Filter Team have a separate reporting and first-line supervisory chain from the prosecution team in this case. Trial Attorney Evan Schlom of the Special Matters Unit of the Fraud Section is the assigned Filter Attorney for this matter.

privilege holders including Defendants as well as third parties. The Filter Team has been reviewing material in its possession from these subpoenas and warrants while seeking consent from individual Defendants and third-party privilege holders to release such material to all Defendants. The Filter Team is currently withholding from Defendants and the Prosecution Team over 100,000 items that may be subject to the Government's disclosure obligations but over which a third party, or one of the Defendants individually, may hold a potential privilege claim.

The proposed Discovery Protocol permits the Filter Team to continue to identify and segregate Potentially Protected Material[2] from the Prosecution Team and to release items that are not potentially protected to the Prosecution Team and both Defendants. Moreover, the Discovery Protocol provides a practical and straightforward mechanism for the Government to notify privilege holders and resolve potential privilege claims prior to producing their Potentially Protected Material in discovery and provide an objecting claimant with an opportunity to be heard. Finally, the Discovery Protocol sets forth a procedure for parties to narrow and resolve areas of disagreement and allows for expeditious adjudication by the Court of any remaining disputes.

Therefore, to fulfill the Government's discovery obligations to all Defendants, respect claimants' asserted privileges, and resolve privilege disputes, the Government now respectfully requests the Court enter an order permitting the Government to disclose discovery materials that have been or could potentially be subject to claims of privilege by a Defendant or a third-party pursuant to the Discovery Protocol.

## BACKGROUND

On June 12, 2024, a grand jury returned an indictment charging Defendants Ruthia He and Dr. David Brody with: conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846; distribution of controlled substances and aiding and abetting, in violation of 21 U.S.C. § 841(a), 21 U.S.C. § b(1)(C), and 18 U.S.C. § 2; conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349;

---

[2] "Potentially Protected Material" is discovery material that is potentially protected from disclosure by the attorney-client privilege, work-product doctrine, or any other legally recognized privilege or protection. This includes, but is not limited to, material over which a potential privilege holder has asserted a specific claim of attorney-client privilege, work-product doctrine, or any other legally recognized privilege or protection, but over which a Court has not yet ruled.

and conspiracy to obstruct justice, in violation of 18 U.S.C. § 1512(k). [ECF No. 1]. The Indictment alleges that Defendants schemed to illegally distribute stimulants, defraud pharmacies, Medicare, Medicaid, and private insurers, make false and fraudulent misrepresentations to third parties, and obstruct the Grand Jury's investigation. *See id.* at ¶¶ 56, 78.

## ARGUMENT

The Government has certain discovery obligations in criminal proceedings. *See United States v. Brumel-Alvarez*, 991 F.2d 1452, 1458 (9th Cir. 1992) (noting *Brady*, *Giglio*, and *Jencks* discovery obligations); *see also United States v. Salyer*, 271 F.R.D. 148, 150 (E.D. Cal. 2010) ("Over time a patchwork of statutory and judge-made rules has evolved to govern criminal discovery. Those rules include: (1) the Jencks Act; (2) the Federal Rules of Criminal Procedure; and (3) *Brady v. Maryland*."). In situations in which materials in the Government's possession may involve claims of privilege, those discovery obligations must be balanced with the rights of privilege holders, who may possess constitutional and statutory rights to the effective assistance of counsel and to have privileged communications with those counsel. The Court also has inherent power to regulate discovery pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, which permits the Court to "deny, restrict, or defer discovery or inspection, or grant other appropriate relief." The Government's proposed Discovery Protocol invokes these inherent powers of the Court by using a Filter Team to segregate Potentially Protected Material and provide this material to the potential privilege holders for privilege assertion.

The Ninth Circuit Court of Appeals has recognized the validity of using filter teams to properly segregate material subject to a claim of privilege. *See United States v. Christensen*, 828 F.3d 763, 799 (9th Cir. 2015). And courts across the country—including in the Ninth Circuit —have entered dozens of similar protocols to the one proposed by the Filter Team in this case to handle the segregation and production of Potentially Protected Materials.[3] Accordingly, where, as here, a court is faced with criminal litigation

---

[3] *E.g.*, *United States v. Weaver*, No. 2:19-cr-005278-ODW, ECF No. 493 (C.D. Cal. July 11, 2022); *United States v. Bautista*, No. 24-cr-20343-KMW, ECF No. 49 (S.D. Fla. Oct. 2, 2024); *United States v. Malas*, No 2:23-cr-20063, ECF No. 89 (E.D. Mich. Apr. 22, 2024); *United States v. Blackman*, No. 23-cr-20271, ECF No. 105 (S.D. Fla. Apr. 3, 2024); *United States v. Farizani*, No. 4:21-cr-00062, ECF No. 153 (S.D. Tex. Feb. 16, 2024); *United States v. Steiner*, No. 1:19-cr-295, ECF No. 111 (E.D.N.Y. Nov. 7, 2022); *United States v. Carver*, No. 22-cr-80022, 2022 WL 1681917 (S.D. Fla. May 9, 2022); *United States v. Fletcher*, No. 2:21-cr-64-DLB-CJS, 2022 WL 1118042 (E. D. Ky. Mar. 8, 2022); *United States v. Murillo Prijic*, No. 21-cr-60340-PCH, 2021 WL 6111657 (S.D. Fla. Dec. 27, 2021); *United States v. Port*, 19-

involving potential claims of attorney-client privilege from multiple defendants and third parties, a Filter Team and a protocol provide a practical means for narrowing and ultimately adjudicating such claims.

The proposed Discovery Protocol requires express authorization from the potential privilege holder(s) or the Court before the Filter Team releases any Potentially Protected Material to the Prosecution Team or Defendants. Thus, this Discovery Protocol does not authorize the Government to adjudge whether specific material is privileged, and instead leaves adjudication of any privilege claims to the Court. *See* Fed. R. Evid. 501. At the same time, "[a] party asserting the attorney-client privilege has the burden of establishing the relationship and the privileged nature of the communication," *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009). Indeed, even as to a communication between an attorney and client, there is no presumption under federal common law that a privilege applies; the applicability of a privilege must be proven. *Id.* Moreover, "blanket claims of privilege are generally disfavored," meaning the party asserting the privilege must do so with particularly *for each communication*. *Id.*; *United States v. Union Pacific R. Co.*, No. CIV-06-1740, 2007 WL 1500551, at *3 (E.D. Cal. May 23, 2007) (citing *In re Subpoena Duces Tecum*, 439 F.3d 740, 750-51 (D.C. Cir. 2006)). Therefore, Court cannot practically adjudicate privilege claims in this case without employing an orderly process.

For these reasons, the Filter Team respectfully proffers that the proposed Discovery Protocol provides the Court with such an orderly process: the Filter Team identifies Potentially Protected Material; the potential privilege holder(s) have the opportunity to assert privilege claims with particularity through a privilege log; all parties may confer in attempts to narrow any disputes; and, if necessary, the Court may inspect Potentially Protected Material *in camera* for adjudication. Further, the proposed Discovery Protocol provides a practical mechanism for the Government to notify and resolve potential third-party claimants' claims prior to producing their Potentially Protected Material to Defendants in discovery, and it gives an objecting claimant a full opportunity to be heard.

---

20583, ECF No. 194 (S.D. Fla. Nov. 30, 2021); *United States v. Stein*, No. 21-cr-20321, ECF. No. 58 (S. D. Fla. Oct. 29, 2021); *United States v. Letko*, No 19-20652, 2021 WL 3674116 (E.D. Mich. Aug. 10, 2021); *United States v. Siefert*, No. 2:21-2-DLB-CJS, 2021 WL 3076940 (E.D. Ky. July 17, 2021); *United States v. Reifler*, No. 1:20-cr-512-1, 2021 WL 2253134 (M.D.N.C. June 2, 2021); *United States v. Salahaldeen*, No. 3:20-cr-839, 2021 WL 2549197 (D.N.J. May 7, 2021); *United States v. Garipoli*, No. 19-cr-80196, ECF No. 60 (S.D. Fla. Mar. 11, 2021); *United States v. Patel*, No. 19-cr-80181, 2020 WL 3118291 (S.D. Fla. June 8, 2020).

Finally, the Protocol further protects privilege claims by limiting any waiver of a privilege in this proceeding and any future proceedings. *See* Fed. R. Evid. 502(d) (providing that a court may "order that [a] privilege or protection is not waived by disclosure connected with the litigation pending before the court — in which event the disclosure is also not a waiver in any other federal or state proceeding."). In doing so, a potential claimant need not assert a privilege claim solely out of concern that the privilege will be waived in another proceeding. Consequently, the Discovery Protocol allows the Parties to focus on the most relevant materials and the most significant claims.

## CONCLUSION

The proposed Discovery Protocol allows for a fair and efficient discovery and disclosure process while allowing defendant and third parties to assert valid claims of privilege, engages Defendants and third-party privilege holders in the process for asserting privileges, allows the parties to narrow the areas of disagreement, and designates the Court as the final adjudicator of any privilege disputes or determinations. For these reasons and as set forth above, the Government respectfully requests that this Court grant the United States' motion and enter a protocol to disclose discovery materials that have been or are potentially subject to claims of privilege by Defendants and certain third parties.

DATED: October 23, 2024                                    Respectfully submitted,

                                                RAVI T. NARAYAN
                                                Attorney for the United States

                                                GLENN S. LEON
                                                Chief, Fraud Section
                                                U.S. Department of Justice

                                                _____/s/_____
                                                EVAN SCHLOM
                                                Trial Attorney