WILLKIE FARR & GALLAGHER LLP
Koren Bell (SBN 268614)
  kbell@willkie.com
2029 Century Park East
Los Angeles, CA 90067
T: 310-855-3016
F: 310-855-3099

Michael S. Schachter (*Pro Hac Vice*)
Steven J. Ballew (*Pro Hac Vice Pending*)
  mschachter@willkie.com
  sballew@willkie.com
787 Seventh Avenue
New York, NY 10019-6099
T: 212-728-8102
F: 212-728-9102

HUESTON HENNIGAN LLP
Vicki Chou (SBN 248598)
  vchou@hueston.com
523 W 6th St
Suite 400
Los Angeles, CA 90014
T: 213-788-4340
F: 888-775-0898

Attorneys for Defendant
RUTHIA HE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:24-cr-00329-CRB |
| Plaintiff, | **DEFENDANT RUTHIA HE'S MOTION FOR A BILL OF PARTICULARS FOLLOWING FAILED ATTEMPTS TO OBTAIN FROM THE GOVERNMENT PARTICULARS PREREQUISITE TO A SPEEDY TRIAL** |
| v. | |
| RUTHIA HE, A/K/A RUJIA HE, and DAVID BRODY, | |
| Defendants. | DATE:  January 8, 2025 |
| | TIME:  1:30 PM |
| | Date Filed:  Courtroom 6—17th Floor |
| | Trial Date:  Hon. Charles R. Breyer |

## NOTICE OF MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on January 8, 2025 at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 6, 17th Floor, of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Ruthia He will and hereby does move for an order for a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f).  This motion is based upon the following Memorandum of Points and Authorities, oral argument, and the pleadings on file with the Court.

1

## TABLE OF CONTENTS

2   PRELIMINARY STATEMENT ..................................................................................1

3   BACKGROUND ................................................................................................4

4   LEGAL STANDARD............................................................................................7

5   ARGUMENT ....................................................................................................8

6
    I.      Ms. He is Entitled to Particulars About Which Prescriptions the Government Intends
7           to Prove were Made "Not for a Legitimate Medical Purpose in the Usual Course of
            Professional Practice."............................................................................8
8
    II.     Ms. He is Entitled to Particulars About the Allegedly False Statements Made by Her
9           and Her Co-Conspirators. ......................................................................11

10
    III.    Ms. He is Entitled to Particulars About Her and Her Co-Conspirators' Allegedly
11          Obstructive Conduct. ...........................................................................11

12
    IV.     Ms. He is Entitled to Particulars About What Criminal Conduct the Government
13          Specifically Ascribes to Her. .................................................................12

14
    V.      Ms. He is Entitled to Particulars About the Property the Government Alleges is
15          Subject to Forfeiture. ..........................................................................13

16
    VI.     The Court Should Exercise Its Supervisory Power to Compel the Government to
17          Make the Disclosures Requested to Facilitate Efficient Case Management...............14

18  CONCLUSION.................................................................................................15

19

20

21

22

23

24

25

26

27

28

DEFENDANT RUTHIA HE'S MOTION FOR A BILL OF PARTICULARS
Case No. 3:24-cr-00329-CRB

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Ruan v. United States*,
    597 U.S. 450 (2022)..........................................................................................8

*United States v. Babich*,
    1:16-cr-10343-ADB (D. Mass Aug. 21, 2018) .........................................4

*United States v. Bortnovsky*,
    820 F.2d 572 (2d Cir. 1987)...........................................................................10

*United States v. Caine*,
    270 F. Supp. 801 (S.D.N.Y. 1967)...............................................................11

*United States. v. Carson*,
    No. SACR 09-0077 JVS, 2009 WL 10756153 (C.D. Cal. May 18, 2009)..............................10

*United States v. Cervantes*,
    No. 12-cr-00792-YGR, 2015 WL 4624067 (N.D. Cal. July 31, 2015) ..................10

*United States v. Chen*,
    No. C 05-375 SI, 2006 WL 3898177 (N.D. Cal. Nov. 9, 2006)........................10, 13

*United States v. Diaz*,
    876 F.3d 1194 (9th Cir. 2017) .......................................................................8

*United States v. Doe*,
    572 F.3d 1162 (10th Cir. 2009) .....................................................................7

*United States v. Feil*,
    No. 09-00863, 2010 WL 1525263 (N.D. Cal. Apr. 15, 2010)................................13

*United States v. Gbenedio*,
    No. 1:17-CR-430-TWT-JSA, 2020 WL 10964558 (N.D. Ga. Mar. 30, 2020),
    *report and recommendation adopted*, 2021 WL 4034151 (N.D. Ga. Sept. 1, 2021) ...............9

*United States v. Hedman*,
    458 F. Supp. 1384 (N.D. Ill. 1978) ...............................................................8

*United States v. Holmes*,
    No. 5:18-cr-00258-EJD, 2020 WL 666563 (N.D. Cal. Feb. 11, 2020) ....................11

*United States. v. Hunter*,
    No. C 06-565 SI, 2008 WL 191981 (N.D. Cal. Jan. 22, 2008)..............................12

*United States v. Long*,
    706 F.2d 1044 (9th Cir. 1983) .......................................................................7

DEFENDANT RUTHIA HE'S MOTION FOR A BILL OF PARTICULARS
Case No. 3:24-cr-00329-CRB

*United States v. Lynch*,
No. 3:18-cr-00577-CRB (N.D. Cal. Oct. 8, 2023)...............................................4, 10

*United States v. Nguyen*,
No. SACR 08-251 DOC, 2010 WL 374967 (C.D. Cal. Jan. 25, 2010) ...................................12

*United States v. Rothenberg*,
No. 20-cr-00266-JST-1, 2021 WL 6807581 (N.D. Cal. Dec. 6, 2021) ...................................10

*United States v. Thevis*,
474 F. Supp. 117 (N.D. Ga. 1979) ..........................................................8

*United States v. Trie*,
21 F. Supp. 2d 7 (D.D.C. 1998) ..........................................................11

*United States v. Vasquez-Ruiz*,
136 F. Supp. 2d 941 (N.D. Ill. 2001) ..........................................................13

*United States v. Wilson*,
No. 94-CR-140, 1994 WL 777319 (E.D. Wis. Nov. 30, 1994) ................................7

*United States. v. Wong*,
No. CR 06-428 SI, 2007 WL 404807 (N.D. Cal. Feb. 2, 2007) ................................10

*United Stats v. W.R. Grace*,
526 F.3d 499 (9th Cir. 2008) (en banc) .........................................8, 14

**Other Authorities**

Dep't of Justice Criminal Division, Asset Forfeiture Policy Manual (2023),
https://www.justice.gov/criminal/criminal-afmls/file/839521/dl ...........................................13

Fed. R. Crim. P. 7(f) ..........................................................7

Fed. R. Crim. P. 32.2(a).........................................................13

DEFENDANT RUTHIA HE'S MOTION FOR A BILL OF PARTICULARS
Case No. 3:24-cr-00329-CRB

1

## **PRELIMINARY STATEMENT**

2

If the charges are not dismissed, Ms. He, who is presumed innocent but is currently

3

confined to pretrial detention, desires nothing more than a speedy trial.  But, as discussed with the

4

Court at the last status conference, it is impossible for her to pick the earliest feasible trial date

5

without the Government first identifying for the defense the confines of its case, as the Court

6

directed it to do at the last status conference.  Mindful that the Court set the December 4 status

7

conference to pick a trial date, and that it did not want litigation between the parties over these

8

disclosures, Ms. He made multiple efforts before and after the November 6 status conference to

9

10

extract from the Government the particulars prerequisite to determining the earliest possible trial

11

date.  But weeks later, we are back where we started—the Government has declined to provide

12

any Indictment particulars or the tentative exhibit and witness lists contemplated by the Court—

13

and Ms. He is now forced to seek Court intervention.

14

15

At the November 6 status conference, following a colloquy with counsel for Ms. He about

16

her need for Indictment particulars, the Court gave the Government a clear directive:  *in order for*

17

the defense to be in a position to opine on the earliest possible trial date for our detained client—

18

be that March or as soon as possible thereafter, the onus was on the Government to provide the

19

particulars about the at-issue unlawful conduct—including the particular prescriptions alleged to

20

have been made in violation of the law, out of the hundreds-of-thousands potentially at issue. (Tr.

21

22

of Status Conf. (referred hereafter as "Tr.") at 6:23–7:10; 7:19–8:3; 8:13–9:5;  9:9–14; 10:19-20.)

23

To that end, the Court continued the matter to December 4 so that—*in the interim and in advance*

24

*of the December 4 conference*—the Government could provide the requisite particulars. (Tr. at 7:

25

14–18.)  The Court also made clear that it expected the Government to provide tentative witness

26

and exhibit lists *in advance* of December 4 so that the defense could be in a position to advise the

27

Court on whether a March trial date was feasible or alternatively the time they would need to

28

1

1    adequately prepare their defense.  (Tr. at 7:16-22.) ("I want you to know that even though I put it

2    over 30 days, I'm still aiming to try this case in March . . . And I'm looking to the Government,

3    that you have to explain to me how the case can be tried in March.  And really, what that means is

4    *tentative exhibit list*, *tentative witness list*.") (emphases added)

5        Since November 6, the imperative for the Government to identify the confines of its case

6    has only grown stronger.  Ms. He has spent an additional month in custody without the benefit of

7    the information to focus her preparation that is prerequisite to the exercise of her right to a speedy

8    trial here.  She faces broad and unspecified allegations of complex, multi-year conspiracies;  the

9    prospect of innumerable "mini-trials" arising out of the claim that Done "arranged for the

10   prescription of over 40 million pills of Adderall and other stimulants" (Ind. ¶ 50), any one of which

11   could conceivably be at issue in this case;  and a massive volume of discovery now totaling over

12   11 million pages (*excluding* the Government's most recent productions which are still being

13   loaded) plus an additional 6,005 gigabytes of data.  (Bell Decl. ¶ 12).  The discovery now includes

14   multiple large productions *since the last status conference*—despite the Government's then-

15   representation that "[w]e've produced our Rule 16 discovery" with "some" Jencks Act material

16   forthcoming.  (Tr. 4:2-6.).

17       To obtain the particulars prerequisite to exercising her request for a speedy trial, Ms. He

18   has attempted to engage with the Government as follows:

19   • Counsel for Ms. He met with the Government on November 5 to preview the need
20     for particulars discussed with the Court on November 6.  (Tr. at 4:20-25.)
       ("[W]e've begun discussions with the Government about certain indictment
21     particulars which we think we both require and are entitled to in order to prepare
       our defense.")

22   • Following the November 6 conference, in a letter dated November 11, Ms. He
23     provided the Government with a detailed request for particulars. (*See* Bell Decl.
       Ex. A.)  In a second letter sent concurrently, Ms. He sought supplemental
24     discovery, addressed in the concurrent Motion to Compel Disclosure of *Brady*
       Material, including the "tentative exhibit list" and "tentative witness list"

2
DEFENDANT RUTHIA HE'S MOTION FOR A BILL OF PARTICULARS
Case No. 3:24-cr-00329-CRB

discussed by the Court at the November 6 hearing.

- Ms. He followed up a week later on November 18, requesting a response. (*See* Bell Decl. Ex. B.)

- The Government finally responded nearly 2 weeks later, declining to produce *any* of the particulars Ms. He requested and resting instead on the sufficiency of its Indictment and its voluminous discovery productions as adequate, despite this Court's previous admonition on that point at the November 6 hearing. (*Cf.* Bell Decl. Ex. C *with* Tr. at 8:5-6 ("I'm not going to let the Government do a document dump in discovery and then say, "Well, it was there.").)

- The Government's letter pledged that "the United States is committed to working with you to identify relevant documents and information as discussed at the November 6 status conference," and separately, that the Government "is intending to transmit a proposed scheduling order and trial date early next week for your consideration." *See id.* Hearing nothing by November 26, Ms. He followed up that same day. (*See* Bell Decl. Ex. D.)

- The following day, one week before the December 4 status conference, the Government sent Defendants a "scheduling order"—*without particulars, identification of "relevant documents and information," or a trial date*—which proposed, to boot, that the Government and Defendants exchange *simultaneous* exhibit and witness lists 10 weeks before trial. (*See* Bell Decl. Ex. E.)

- The same day, Ms. He responded with a counter-proposed order which tracks the schedule in the Michael Lynch case recently before the Court, and commences with the Government providing the tentative witness and exhibit lists contemplated by the Court at the November 6 hearing, as well as the particulars sought in Ms. He's November 11 letter, by the December 4 status conference, absent which Ms. He cannot determine the first feasible trial date. (*See* Bell Decl. Ex. F.)

- On December 2, 2024, the Government and counsel for Ms. He exchanged correspondence, which confirm parties were at an impasse (*See* Bell Decl. Ex. G).

In short, despite the Court's admonishment that "[i]t's up to the Government to circumscribe, to limit, to narrow the case," and "identify what your case is, the parameters of your case," Tr. at 7:25–8:1, 9:13–14, the Government has failed to do so. At the same time, the Government has represented to the Court that it expects its case to last only 10–15 days, which plainly contemplates a focus on a fraction of the scores of witnesses interviewed and millions of documents it has produced in discovery. (Tr. at 5:7–10.)

Having identified the focus of its case, these confines cannot be a guessing game.  Nor, consistent with Fed. R. Crim. Proc. 7(c)(1), can the Government's case be a moving target—particularly given that each at-issue prescription may necessitate a "mini-trial" specific to that alleged "drug deal."

In other cases involving a large amounts of transactions, the Government has voluntarily provided bills of particular specifying which transactions would be at issue at trial—including in the Lynch case recently before this Court— after defendants have filed motions with the court. *See* Notice of Voluntary Bill of Particulars, *United States v. Lynch*, No. 3:18-cr-00577-CRB (N.D. Cal. Oct. 8, 2023), ECF No. 230; *id.* at ECF No. 266 at 5:1–5 (The Court advising that "the nature of a bill of particulars" is to "avoid" equivocation from the Government and that "[i]t's a notice type of thing that says 'This is what the case is.  And you're on notice it's this and it's not that.'"); *see also* Bill of Particulars, *United States v. Babich*, 1:16-cr-10343-ADB (D. Mass Aug. 21, 2018), ECF No. 399 (voluntary Bill of Particulars where Government charged the CEO of a pharmaceutical company with RICO violations of the CSA for marketing and distribution of FDA-approved medication).  Here, it is now clear that Ms. He can only obtain the particulars she requires by moving the Court for relief.

For these reasons, and the reasons discussed below, Ms. He requests that the Court grant her motion for a Bill of Particulars so that she can prepare her defense, prevent the prosecution from changing its theory of the case, and protect against double jeopardy.

## **BACKGROUND**

The Indictment in this case alleges broad ranging drug distribution, health care fraud, and obstruction of justice conspiracies.  According to the Indictment, Ms. He,  Done Global's founder and former CEO, purportedly conspired over the course of three years with co-defendant David Brody, a licensed psychiatrist and Clinical President of Done Health P.C., and ***unidentified***

4

"others" (i) to "cause" *unidentified* "Done Prescribers" to write *unidentified* prescriptions, in violation of 21 U.S.C. § 846 (Count 1); (ii) to defraud *unidentified* "Commercial Insurers," as well as Medicare and Medicaid, through *unidentified* "false and fraudulent" prior authorizations, claims, and "documents, including patient records," in violation of 18 U.S.C. § 1349 (Count 6); and (iii) to corruptly alter, destroy, and conceal *unidentified* "records, documents, and communications," in violation of 18 U.S.C. § 1512(k) (Count 7).

Based on the Indictment and information received, there are nearly 200 Done Prescribers who treated over 150,000 patients and "arranged for the prescription of over 40 million pills of Adderall and other stimulants," (Ind. ¶ 50), each of which could conceivably be at issue during the trial.   To date, the Government has interviewed over 130 witnesses and produced over 11 million pages of discovery, *exclusive* of its most recent productions, plus an additional 6,005 gigabytes of data.  (Bell Decl. ¶ 12.)  Yet, the Government has represented to the Court that it expects its case to last only 10–15 days, which means it intends to call only a small percentage of the total number of witnesses it has interviewed and offer as evidence only a fraction of the millions of documents it has produced in discovery.  (Tr. at 5:7–10.)

At the November 6 status conference, the Court could not have been any clearer that it expected the Government to provide Ms. He with specifics about the evidence it intends to introduce at trial.  When Ms. He's counsel stated that "we need to know what prescriptions are at issue[,] which clinicians are at issue, which providers are at issue…the false statements [] that are at issue," the Court agreed.  (Tr. at 8:13–25.)  The Court further explained:

> My experience in these matters is that there are a vast number of documents, a few of which make a difference in the case; **and the important thing is to have them identified, not just produced.**
>
> . . .
>
> And I'm looking to the Government, that you have to explain to me

DEFENDANT RUTHIA HE'S MOTION FOR A BILL OF PARTICULARS
Case No. 3:24-cr-00329-CRB

how the case can be tried in March. **And really what that means is a tentative exhibit list, tentative witness list. And if you give one of those exhibit lists that say, okay, here are Exhibits 1 to 22,000, fine; then I'll set it in a couple years. I'll set it whenever the defense wants it**. **It's up to the Government to circumscribe, to limit, to narrow the case.** That's your job. If you don't do that, then we'll just sit around and wait till the defense tells me they're ready.

. . .

[T]he Government has brought a case against…individuals, saying they violated the laws. **So it seems to me –and they've done a presentation for the grand jury.**

…

**No secrets. That's the way the case is going to go**. **So you give it to them right away.** Give them everything. That's fine. They get everything they are entitled to in discovery. **But more to the point, you identify what your case is, the parameters of your case.**

(Tr. at 6:23–7:10; 7:19–8:3; 9:1-4; 9:9–14) (emphasis added).

The Court advised the parties that it did not want any disputes over the particulars and wanted the parties to work cooperatively to find a way to have the case tried as soon as possible. (Tr. at 10:18–24.) To that end, following the status conference, on November 11, Ms. He requested that the Government provide her with the following particulars so that she could understand the scope of the Government's case and how much time would be necessary to prepare an adequate defense:

1. For Count 1 of the Indictment, a description (or identification by Bates number) of each prescription allegedly made "not for a legitimate medical purpose in the usual course of professional practice," in violation of 21 U.S.C. § 846, including the (a) name of the patient, (b) name of the "Done Prescriber," (c) approximate date of prescription, and (d) at-issue controlled substance.

2. For each of Counts 1 and 6, a description (or identification by Bates number) of each alleged false, fraudulent, or deceptive statement at issue, including: (a) the particular representation, including the manner in which representation was made (i.e., oral or written), (b) maker and recipient of the representation, (c) date of the representation, and (d) the alleged reason why the representation is

false or deceptive.

3. For Count 7, a description (or identification by Bates number) of each "record, document, and communication" alleged to be "altered, destroyed, and concealed" including: (a) the particular record, document, or communication at issue, (b) the obstructive conduct at issue, (c) the date of the at-issue conduct, and (c) the participant(s).

4. For each of Counts 1, 6 and 7, where the Indictment alleges that certain conduct was carried out by "R. He, Brody, and others," (a) the identities of all alleged indicted and unindicted co-conspirators, and a description of (b) the specific conduct at-issue (including time, place, and manner), (c) the date of the at-issue conduct, and (d) the participant(s).

5. For the "Forfeiture Allegation," the "gross proceeds" alleged to be traceable to the commission of each of the offenses, and "any property" alleged to be "constituting, or derived from, any proceeds that defendant obtained, directly or indirectly, as a result of such violations, and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations."

(Bell Decl. Ex. A.)  These are the particulars Ms. He now seeks herein.

## **LEGAL STANDARD**

Fed. R. Crim. P. 7(f) provides that a court may, in its discretion, require the Government to provide a bill of particulars when necessary "to apprise the defendant of the specific charges being presented to minimize danger of surprise at trial, to aid in preparation and to protect against double jeopardy." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983).  A bill also functions to "prevent the prosecution from changing its theory of the case" as the case progresses and safeguard a defendant's constitutional rights. *United States v. Doe*, 572 F.3d 1162, 1176 (10th Cir. 2009); *see also United States v. Wilson*, No. 94-CR-140, 1994 WL 777319, at *15 (E.D. Wis. Nov. 30, 1994) ("The purpose of a bill of particulars is to provide the defendant with sufficient information about the charges to prepare an adequate defense and to protect the defendant's double jeopardy rights, in accordance with the  defendant's Fifth and Sixth amendment rights.").  Close cases are resolved in favor of ordering a bill.  Indeed, "[i]n exercising [its] discretion, the [Court] must remember that the governing Rule 7(f) of the Federal Rules of Criminal Procedure was

7

altered in 1966 'to encourage a more liberal attitude by the courts toward bills of particulars.'" *United States v. Hedman*, 458 F. Supp. 1384, 1385 (N.D. Ill. 1978) (citing Advisory Committee Notes, Fed. R. Crim. Proc R. 7).  Thus, the current Rule 7 "requires that the defendant be given the benefit of the doubt in gray areas." *United States v. Thevis*, 474 F. Supp. 117, 124 (N.D. Ga. 1979).

Additionally, "district court[s are] charged with effectuating the speedy and orderly administration of justice," and "[t]here is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly." *United Stats v. W.R. Grace,* 526 F.3d 499, 508-09 (9th Cir. 2008) (en banc) (affirming district court's order that prosecution disclose final witness and exhibit list a year before trial).

## ARGUMENT

I.    **Ms. He is Entitled to Particulars About Which Prescriptions the Government Intends to Prove were Made "Not for a Legitimate Medical Purpose in the Usual Course of Professional Practice."**

In order to convict Ms. He of conspiracy to distribute controlled substances under the allegations made in Count 1 of the Indictment, the Government must prove beyond a reasonable doubt that Ms. He agreed to participate in a conspiracy in which medical practitioners would issue controlled substances in an "unauthorized" manner, *i.e.*, "outside the usual course of professional practice and without a legitimate medical purpose." *Ruan v. United States*, 597 U.S. 450, 454, 456 (2022); *United States v. Diaz*, 876 F.3d 1194, 1196 (9th Cir. 2017) (citing *United States v. Feingold*, 454 F.3d 1001, 1008 (9th Cir. 2006)).

Without knowing the specific prescriptions, who prescribed them, and why the

Government believes they lack a legitimate medical purpose and were prescribed outside the usual course of the particular prescriber's medical practice, Ms. He is left to guess which of the hundreds-of-thousands of prescriptions issued by Done Prescribers are at issue with respect to the Count 1 conspiracy charge.

Here, identifying the particulars about which prescriptions will be at issue during the trial without a Bill of Particulars is an impossible task.[1]  For this reason, one court recently ordered the Government to provide a bill of particulars in a case charging a pharmacist with filling prescriptions that were written "outside the course of professional practice and for other than a legitimate medical purpose." *United States v. Gbenedio*, No. 1:17-CR-430-TWT-JSA, 2020 WL 10964558, at *8 (N.D. Ga. Mar. 30, 2020), *report and recommendation adopted*, 2021 WL 4034151 (N.D. Ga. Sept. 1, 2021).  In requiring the Government to provide a bill of particulars, the court explained:

> [I]n a complex case such as this, the general allegation that the Defendant filled prescriptions "outside the course of professional practice and for other than a legitimate medical purpose" leaves it difficult for the Defendant to prepare for trial.  Thus, the Court finds that additional information is warranted to assist the Defendant in his trial preparations. The Government's theory or theories supporting this charge may be able to be cobbled together from various filings and disclosures, including the expert report, the Government's trial brief, and other documents. *But the Defendant— and the Court—should be able to rely on a single document that clearly explains the Government's theory in this regard.*

---

[1]For example, one of the alleged co-conspirators is believed to have issued 23,000 prescriptions during her tenure as a Done Prescriber.  Another co-conspirator is believed to have issued almost 10,000 prescriptions.  And a collaborating physician who is cooperating with the Government is believed to have approved 25,200 prescriptions.

These three prescribers make up only a tiny fraction of the total universe of Done Prescribers and prescriptions that could potentially be at issue in this case.  As described above, there were nearly 200 Done Prescribers who issued hundreds of thousands if not millions of stimulant prescriptions.  Ms. He cannot adequately prepare for a speedy trial so long as the particulars about what prescriptions the Government believes were issued unlawfully remain a moving and unspecified target.

1  *Id.* at *8 (emphasis added). Multiple other courts, including in this district, have ordered bills of

2  particulars in similar situations, particularly where the Indictment places at issue numerous

3  potential transactions and the case involves voluminous discovery.[2] In other cases involving large

4  amounts of transactions, the Government voluntarily provided bills of particular specifying which

5  transactions would be at issue at trial, including the *Lynch* case that was recently before this Court.

6  *See* Notice of Voluntary Bill of Particulars, *United States v. Lynch*, 3:18-cr-00577-CRB, (N.D.

7  Cal. Oct. 8, 2023), ECF No. 230.

8

9      The Court should therefore order the Government to provide particulars with respect to the

10  prescriptions allegedly made "not for a legitimate medical purpose in the usual course of

11  professional practice," namely a description (or identification by Bates number) of each at-issue

12

13

14  [2] *See, e.g.*, *United States v. Rothenberg*, No. 20-cr-00266-JST-1, 2021 WL 6807581, at *2-3 (N.D.

15  Cal. Dec. 6, 2021) (holding that "[d]ue to the complexity of this case—which involves 'a net
    amount of nearly $46 million from about 200 investors,'" a bill of particulars was appropriate

16  because "it [would be] unreasonable to expect [defendant] to try and identify unenumerated
    victims in this mountain of discovery"); *United States. v. Wong*, No. CR 06-428 SI, 2007 WL

17  404807, at *1-2 (N.D. Cal. Feb. 2, 2007) (ordering Government to provide a bill of particulars in
    case where defendant was charged with a conspiracy to cultivate with intent to distribute "one

18  thousand or more marijuana plants," while also being charged with 15 specific substantive counts
    of cultivating marijuana with intent to distribute, and finding that the conspiracy count, "as

19  currently alleged is too general to provide defendant with notice of the charge he is facing"); *United
    States. v. Carson*, No. SACR 09-0077 JVS, 2009 WL 10756153, at *2-3 (C.D. Cal. May 18, 2009)

20  (ordering bill of particulars in case in which government premised Foreign Corrupt Practices Act
    violations on 236 separate bribe payments, but failed to identify specifics about each bribe

21  payment, and finding that "[h]ad the Government identified each unlawful payment in the
    Indictment, the defendants could fill in the details with the discovery. However, as defendants

22  point out in their Reply, the discovery produced to date leaves them to guess which transactions
    and events will form the Government's bribery case"); *United States v. Bortnovsky*, 820 F.2d 572,

23  574–75 (2d Cir. 1987) (reversing conviction and holding that bill of particulars was necessary
    when Government charged defendant with conspiracy premised on filing false insurance claims

24  but failed to identify the claims that the defendant allegedly fabricated); *United States v. Cervantes*,
    No. 12-cr-00792-YGR, 2015 WL 4624067, at *3-4 (N.D. Cal. July 31, 2015) (granting motion for

25  bill of particulars because "the defendants should be on notice of the transactions which" were at
    issue); *United States v. Chen*, No. C 05-375 SI, 2006 WL 3898177, at *3 (N.D. Cal. Nov. 9, 2006)

26  (ordering a bill of particulars in part because of the voluminous discovery and since the
    government failed to identify the relevant transactions at issue).

27

28

DEFENDANT RUTHIA HE'S MOTION FOR A BILL OF PARTICULARS
Case No. 3:24-cr-00329-CRB

prescription, including the (a) name of the patient; (b) name of the "Done Prescriber;" (c) approximate date of prescription; and (d) at-issue controlled substance.

## II. Ms. He is Entitled to Particulars About the Allegedly False Statements Made by Her and Her Co-Conspirators.

The Indictment also makes numerous allegations about false, fraudulent, and deceptive statements and omissions made by Ms. He and/or her alleged co-conspirators, without identifying (1) the specifics about who made the alleged misrepresentation; (2) the precise content of the representation; (3) the form of the representation, *i.e.*, oral or written; (4) the date of the representation; (5) to whom the representation is alleged to have been made, or (6) the manner in which the representation is claimed to be false or fraudulent. (*See, e.g.*, Ind. ¶¶ 56, 59–61, 64, 66, 71, 73, and 77–80.) Courts have required the Government to disclose such specifics in bills of particular in other cases, including in this district. *See, e.g.*, *United States v. Holmes*, No. 5:18-cr-00258-EJD, 2020 WL 666563, at *8–9 (N.D. Cal. Feb. 11, 2020) (ordering government to provide particulars with respect to misrepresentations defendant allegedly made about effectiveness of medical technology in advertisements); *United States v. Trie*, 21 F. Supp. 2d 7, 22 (D.D.C. 1998) (ordering the government to provide information as to "exactly what the false statements [were], what about them [was] false, who made them, and how [the defendant] caused them to be made."); *United States v. Caine*, 270 F. Supp. 801 (S.D.N.Y. 1967) (bill of particulars was required because indictment had no explanation about why the representations were false and misleading). The Court should therefore require the Government to provide the same particulars with respect to the false statements alleged in the Indictment.

## III. Ms. He is Entitled to Particulars About Her and Her Co-Conspirators' Allegedly Obstructive Conduct.

The Indictment also only provides generalized allegations concerning the Conspiracy to Obstruct Justice charge alleged against Ms. He in Count 7 of the Indictment. (*See* Ind. ¶¶ 81–89.)

11

Courts regularly order the Government to provide particulars with respect to obstruction of justice charges when an indictment makes only generic allegations of obstruction. *See, e.g.*, *United States v. Nguyen*, No. SACR 08-251 DOC, 2010 WL 374967, at *3-4 (C.D. Cal. Jan. 25, 2010) (requiring bill of particulars where Government only made "conclusory" statements about acts that allegedly obstructed investigation and ordering Government to "identify the acts in question and link them to the statute Defendant is alleged to have violated."); *United States. v. Hunter*, No. C 06-565 SI, 2008 WL 191981, at *6 (N.D. Cal. Jan. 22, 2008) (requiring bill of particulars where Government alleged in obstruction of justice conspiracy count that defendants "met to alter, mutilate, conceal, cover up, falsify and make false entries in Tribal and Casino financial and business records," and requiring Government to "provide some greater detail regarding the individual defendants' roles in the conspiracy, as well as greater detail regarding the 'financial and business records' that were allegedly altered, mutilated, concealed, covered up, falsified and entered falsely.").  Ms. He therefore requests that the Court order the Government to provide a description (or identification by Bates number) of each "record, document, and communication" alleged to be "altered, destroyed, and concealed," in Count 7, including: (1) the particular record, document, or communication at issue, (2) the specific obstructive conduct at issue, (3) the date of the at-issue conduct, and (4) the participant(s) in the obstructive conduct.

### IV.  Ms. He is Entitled to Particulars About What Criminal Conduct the Government Specifically Ascribes to Her.

The Indictment is laden with allegations ascribing certain conduct to "R. He., Brody and others," without describing what conduct is specifically attributable to Ms. He and which is attributable to alleged co-conspirators.  (*See* Ind. ¶¶ 56-57, 59, 60-71 62, 63, 65-71, 73-74, 78, 82, 87, 89.)  Ms. He is entitled to know particulars about the specific conduct that the Government believes contributed to each of the conspiracies charged in Counts 1, 6 and 7, including which acts she or her co-conspirators allegedly committed in furtherance of each of the conspiracies and the

12

time, place, and manner in which they allegedly carried out those acts. *See, e.g.*, *United States v. Feil*, No. 09-00863, 2010 WL 1525263, at *3 (N.D. Cal. Apr. 15, 2010) (ordering Government to produce bill of particulars, "identify[ing] the Defendants' overt acts in support of the alleged conspiracy," as well as the "manner in which [they] and each alleged co-conspirator, whether or not named in the indictment, contributed to the charged conspiracy or conspiracies, and the times and places of such participation") (internal quotations omitted); *United States v. Chen*, No. 05-375 SI, 2006 WL 3898177, at *4 (N.D. Cal. Nov. 9, 2006) (ordering that the Government state the manner in which "Chen and each alleged co-conspirator contributed to the charged conspiracy, and the times and places of said participation").   The Court should therefore order that the Government provide Ms. He with particulars relating to (1) the identities of all alleged indicted and unindicted co-conspirators, and a description of (2) the specific conduct at-issue (including time, place, and manner), (3) the date of the at-issue conduct, and (4) the participant(s), where the Indictment alleges specific conduct by "R. He, Brody, and others."

## V.   Ms. He is Entitled to Particulars About the Property the Government Alleges is Subject to Forfeiture.

While an indictment need not allege the specific property subject to forfeiture, *see* Fed. R. Crim. P. 32.2(a), it is common practice for the Government to identify such property in a bill of particulars before trial.  *See* Dep't of Justice Criminal Division, Asset Forfeiture  Policy Manual at 6–5 (2023), https://www.justice.gov/criminal/criminal-afmls/file/839521/dl ("Simply including a general forfeiture notice, without listing particular assets subject to forfeiture, will preserve criminal forfeiture as an available option.  In that event, the government may follow up identifying the specific assets it seeks to directly forfeit in one or more bills of particulars filed a reasonable time before trial.").  Courts have ordered the Government to provide a bill of particulars identifying property that is subject to forfeiture when the defendant has made the request and the Government has not done so voluntarily.  *See, e.g.*, *United States v. Vasquez-Ruiz*, 136 F. Supp. 2d 941, 944

13

(N.D. Ill. 2001) ("direct[ing] the government to identify in a bill of particulars, at least 30 days prior to trial, the specific items of property (including money and substitute assets, if any) that the government claims are subject to forfeiture" in health care fraud case in which the indictment sought forfeiture of "the proceeds and property derived from the proceeds of the health care fraud offenses"). Therefore, with respect to the "Forfeiture Allegation," the Court should order the Government to identify the "gross proceeds" alleged to be traceable to the commission of each the offenses, and "any property" alleged to be "constituting, or derived from, any proceeds that defendant obtained, directly or indirectly, as a result of such violations, and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations." (Ind. ¶¶ 91-92.)

## VI.    The Court Should Exercise Its Supervisory Power to Compel the Government to Make the Disclosures Requested to Facilitate Efficient Case Management.

In addition to requiring the Government to provide a Bill of Particulars in accordance with Fed. R. Crim. P. 7(f), as described in Section I–V above, the Court may exercise its supervisory power to order the Government to disclose the evidence and witnesses it intends to rely upon at trial to facilitate efficient case management. *W.R. Grace*, 526 F.3d at 504. The Court acknowledged at the November 6 status conference that the reason it was directing the Government to provide the defense with particulars about the evidence it intended to rely upon at trial was to enable the Defendants to determine how much time they would reasonably need to prepare an adequate defense, specifically given the immense volume of discovery in this case and the lack of specificity in the Indictment.

The Government's primary objection to Ms. He's informal request for particulars was that she did not ask for particulars about the Government's *theory* of culpability, but instead asked for particulars with respect to the Government's *evidence* in support of that theory. (Bell Decl. Ex. B, at 5.) (quoting *United States v. Nguyen*, No. 15-cr-00203, 2015 WL 6747851 (N.D. Cal. Nov. 5,

14

2015) Ms. He disputes that characterization.  As described above, courts have regularly granted bills of particular requiring the Government to disclose the precise information that Ms. He requests here.

But, in any event, the Government's argument is academic.  The fact remains that (1) the Indictment makes broad allegations, which conceivably put at issue hundreds-of-thousands of prescriptions issued by nearly 200 Done Prescribers, if not millions; (2) the Indictment also lacks any specificity about the false statements and allegedly obstructive conduct that the Government intends to prove at trial, as well as the conspiratorial conduct specifically attributable to Ms. He versus Dr. Brody and unidentified "others"; and (3) it is impossible for the defense to guess at the scope of the Government's case based on the voluminous documents that have been produced to date.  Under these circumstances, where the Government has refused "to circumscribe, to limit, to narrow the case," per the Court's directions, Tr. at 7:25–8:1, Ms. He is left unable to determine how much time she needs to adequately prepare a defense.

The Government's position is particularly troublesome here because Ms. He, who is presumed innocent, is currently being held in pretrial detention.  By declining to identify the scope of the case it intends to try, despite representing that its case-in-chief will take 10-15 days, the Government is forcing Ms. He to either choose to sacrifice her right to a speedy trial while she is in custody or rush into trial without fully understanding the parameters of the case against her. The Court should hold the Government to task and require it to promptly provide the particulars that Ms. He requests here.

<u>**CONCLUSION**</u>

For the aforementioned reasons, Ms. He requests that the Court Order the Government to file a Bill of Particulars disclosing the categories of information outlined above.

DEFENDANT RUTHIA HE'S MOTION FOR A BILL OF PARTICULARS
Case No. 3:24-cr-00329-CRB

Dated:  December 2, 2024          WILLKIE FARR & GALLAGHER LLP


                                  By:     */s/ Koren Bell*
                                          Koren Bell
                                          Michael S. Schachter
                                          Steven J. Ballew

                                  HUESTON HENNIGAN LLP

                                          Vicki Chou

                                          Attorneys for Defendant
                                          RUTHIA HE

DEFENDANT RUTHIA HE'S MOTION FOR A BILL OF PARTICULARS
Case No. 3:24-cr-00329-CRB