WILLKIE FARR & GALLAGHER LLP
Koren Bell (SBN 268614)
  kbell@willkie.com
2029 Century Park East
Los Angeles, CA 90067
T: 310-855-3016
F: 310-855-3099

Michael S. Schachter (*Pro Hac Vice*)
Steven J. Ballew (*Pro Hac Vice*)
  mschachter@willkie.com
  sballew@willkie.com
787 Seventh Avenue
New York, NY 10019-6099
T: 212-728-8102
F: 212-728-9102

Attorneys for Defendant
RUTHIA HE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | CASE NO. 3:24-cr-00329-CRB |
|---|---|
| Plaintiff, | **DEFENDANT RUTHIA HE'S OPPOSITION TO DR. BRODY'S MOTION TO CONTINUE JURY TRIAL** |
| v. | |
| RUTHIA HE, A/K/A RUJIA HE, and DAVID BRODY, | **DECLARATION OF KOREN BELL IN SUPPORT FILED IN CAMERA AND UNDER SEAL** |
| Defendants. | Courtroom 6—17th Floor<br>Hon. Charles R. Breyer |

Ms. He asks the Court to (1) deny Dr. Brody's motion for continuance, or in the alternative, (2) sever the defendants so that Ms. He's trial commences on July 28 and Dr. Brody's trial commences some time thereafter, as requested in Ms. He's previously-filed motion for severance, Dkt. No. 160, or (3) reconsider Ms. He's pretrial detention if the Court is inclined to grant Dr. Brody's motion for continuance without severing the trial.

Ms. He is presumed innocent and our review of the evidence to date paints a compelling picture of Ms. He's actual innocence of the charged offenses. Yet Ms. He has spent a total of approximately ***nine months*** in pretrial custody while her co-defendant, Dr. Brody, remains free on pretrial release, and she will remain in custody for almost ***four more months*** until the estimated six-week trial is currently scheduled to commence. As discussed below, a ***thirteen month*** period of pretrial detention is "presumptively prejudicial" in the Ninth Circuit.

Requiring Ms. He to spend significant additional time in detention as a consequence of Dr. Brody's request for a continuance raises serious Due Process and Sixth Amendment concerns. However, if the Court determines that continuance is necessary to guarantee Dr. Brody's right to effective representation, there are alternatives available to mitigate the severe prejudice to Ms. He from a further delay—namely, severance or pretrial release, which would ameliorate the conflict between Ms. He's constitutional due process and speedy trial rights and Dr. Brody's constitutional right to prepare an adequate defense.

**I.   Granting a Continuance Would Severely Prejudice Ms. He.**

Ms. He has consistently requested that trial commence no later than this Spring, specifically by April 2025, and the current July 2025 date was set over her objection. (*See, e.g.*, Dkt. 160 at 2) (Ms. He representing that she "seek[s] the earliest possible trial date . . . which she hopes will be in Spring"); Dkt. 214 Tr. at 18:14–20 (stating that "our client's interest is in

1

proceeding to trial at the first available opportunity, which we've deemed to be. . .at the end of April."); *id* at 40:19–24 ("But our client wants to make clear for the record that she does object to the July date and wishes to have her trial set at the end of April, given her status in custody and that she's presumed innocent."). Ms. He has long-awaited the opportunity to clear her name and reclaim her liberty, and she is eager to commence this process on July 28 when trial is scheduled to begin.

In this context, Ms. He's pretrial detention weighs strongly against granting Dr. Brody's continuance motion. "Although there is no bright-line rule, courts generally have found that ***delays approaching one year*** are presumptively prejudicial." *United States v. Myers*, 930 F.3d 1113, 1119 (9th Cir. 2019) (quoting *United States v. Gregory*, 322 F.3d 1157, 1161–62 (9th Cir. 2003)) (emphasis added). Moreover, "if two defendants' trials are joined and either of them is in pretrial detention, that fact must be considered when deciding whether the ends of justice support a continuance." *United States v. Torres*, 995 F.3d 695, 707-708 (9th Cir. 2021) (recognizing that "[i]t is undisputed that at some point, pretrial detention can 'become excessively prolonged, and therefore punitive,' resulting in a due process violation" and citing *Myers* for the proposition that "'delays approaching one year are presumptively prejudicial' for Sixth Amendment purposes").

Here, a further continuance would cause Ms. He particularly severe prejudice. By July 28, when the estimated six-week trial is currently scheduled to commence, she will have already been in custody for ***thirteen months***—longer than the "approaching-one-year" timeframe the Ninth Circuit has identified as "presumptively prejudicial." Moreover, Ms. He is not only presumed innocent of the charges but our review of the evidence to date paints a compelling picture of Ms. He's actual innocence of the charged offenses. In further support of her position that the ends of justice do not support continuing the trial date beyond July 28 while Ms. He remains in pretrial

detention, Ms. He submits the Declaration of Koren Bell to the Court *in camera* and *under seal*. (*See* Declaration of Koren Bell.)

In short, the Court should not delay trial beyond July 28 while Ms. He continues to be incarcerated without having been found guilty of a crime.

### II.   In the Alternative, the Court Can Mitigate a Conflict Between Ms. He and Dr. Brody's Constitutional Rights By Severing the Trial or Granting Bail.

In the event that the Court finds that a continuance is necessary to allow Dr. Brody sufficient time to prepare an adequate defense, Ms. He asks the Court to reconsider its decisions on severance and bail.

In December, Ms. He and Dr. Brody jointly moved for severance as a way to avoid a conflict between Ms. He's compelling constitutional right to a speedy trial in the context of her pretrial detention and Dr. Brody's constitutional right to prepare a defense. (*See* Dkt. 160 at 2–3.) That motion, *see* Dkt. No. 160 at 7, discussed that courts in this Circuit have granted severance motions in multi-defendant cases where a defendant in pretrial custody objects to continuances over the consent of codefendants. *See*, *e.g.*, United States v. Beal, 536 F.Supp.3d 743, 756–57 (D. Haw. 2021) (granting severance after finding that the right of a defendant in pretrial custody to a speedy trial outweighed the interest of trying all defendants in a multidefendant conspiracy together in a later joint trial); *United States v. Diaz*, No. 2:07–cr–0248, 2009 WL 3233700, at * 1 (E.D. Cal. Oct. 1, 2009) (granting severance of defendant in pretrial custody after postponing start of trial at request of codefendants and finding that, as a result of delaying the trial, "the fact that, unlike some of the other defendants, [incarcerated defendant] is not at liberty on bond does work to his prejudice here.").

At the hearing on Defendants' severance motion, the Court recognized that the issues raised in the motion were "significant," but denied the motion "subject to my revisiting it when I have a

better idea, a more concrete idea of the basis for the severance." (Dkt. 214 at 17–18.) If the Court grants Dr. Brody's motion for a continuance over Ms. He's objection, the time is ripe for the Court to reconsider the severance motion. Ms. He will be prepared for trial by the current July 28th trial date. Dr. Brody represents that he will not be. To avoid favoring one defendant's constitutional right over the other, the Court can order a severance.

In the alternative, if the Court grants Dr. Brody's motion for a continuance and decides not to sever the trial, Ms. He asks that the Court reconsider her pretrial detention. Under 18 U.S.C. § 3164, the trial of "a detained person who is held in detention solely because [s]he is awaiting trial . . . shall commence not later than ninety days following the beginning of such continuous detention" subject to the periods of excludable delay enumerated in 18 U.S.C. § 3161(h). *See* 18 U.S.C. 3164(a)(2),(b). "Failure to commence trial of a detainee" within 90 days (after taking into account excludable time) "through no fault of the accused or his counsel . . . shall result in automatic review by the court of the conditions of release. ***No detainee*** [being held in detention solely because he is awaiting trial] ***shall be held in custody pending trial after the expiration of such ninety-day period required for the commencement of his trial***." 18 U.S.C. § 3164(c) (emphasis added).

Under the "[Ninth Circuit's] read of the statute, if two defendants' trials are joined and either of them is in pretrial detention, that fact must be considered when deciding whether the ends of justice support a continuance" for purposes of 18 U.S.C. § 3164. *Torres*, 995 F.3d 695, 707. In concluding that the Court must consider one defendant's pretrial detention in such multidefendant cases when deciding whether to exclude time under § 3161(h), the Ninth Circuit cited to *United States v. Theron*, 782 F.2d 1510 (10th Cir. 1986). There, Theron was indicted on 64 counts of conspiracy and mail fraud and held without bail because the trial court found that he

presented a risk of flight. *Id.* at 1511. Two months later, ten codefendants moved for a continuance, which Theron opposed. *Id.* Despite Theron's opposition to the motion, the district court granted a continuance based on an "ends of justice" finding pursuant to 18 U.S.C. § 3161(h). *Id.* Thereafter, Theron moved for severance and release pending bail, arguing that, under § 3164 he could not be detained more than 90 days without bail. The Tenth Circuit held that, in circumstances where a defendant (1) had been in pretrial detention for four months, (2) took no steps to delay trial and asserted his readiness for trial, (3) opposed his codefendants' continuance, and (4) would be incarcerated an additional four months prior to trial, the defendant must be released on bail under § 3164 unless trial proceeded within 30 days.

Given the above, Ms. He asks that she be given the opportunity to be heard on bail in the event the Court grants Dr. Brody's motion to continue and does not sever the case.

Dated: April 8, 2025                    WILLKIE FARR & GALLAGHER LLP


                                        By:    */s/ Koren Bell*
                                               Koren Bell
                                               Michael S. Schachter
                                               Steven J. Ballew

                                               Attorneys for Defendant
                                               RUTHIA HE

5
DEFENDANT RUTHIA HE'S OPPOSITION TO DR. BRODY'S MOTION TO CONTINUE
JURY TRIAL
Case No. 3:24-cr-00329-CRB