WILLKIE FARR & GALLAGHER LLP
Koren Bell (SBN 268614)
kbell@willkie.com
2029 Century Park East
Los Angeles, CA 90067
T: 310-855-3016
F: 310-855-3099

Michael S. Schachter (*Pro Hac Vice*)
Steven J. Ballew (*Pro Hac Vice*)
mschachter@willkie.com
sballew@willkie.com
787 Seventh Avenue
New York, NY 10019-6099
T: 212-728-8102
F: 212-728-9102

Attorneys for Defendant
RUTHIA HE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RUTHIA HE, A/K/A RUJIA HE, and DAVID BRODY,<br><br>Defendants. | CASE NO. 3:24-cr-00329-CRB<br><br>**DEFENDANT RUTHIA HE'S OPPOSITION TO THE GOVERNMENT'S MOTION FOR DISCLOSURE OF DEFENSE EXHIBIT AND WITNESS LISTS IN ADVANCE OF 9/29/25 DISCLOSURE DEADLINE ALREADY SET BY THIS COURT** |

Ms. He objects to the Government's request for defense disclosure of exhibit and witness lists prior to the September 29, 2025 deadline that the Court has already set—consistent with binding Ninth Circuit authority. *See* April 21, 2025 Order, ECF No. 263 at 2.

The Government's request is contrary to Ninth Circuit case law, which has held that Defendants cannot be compelled to produce exhibit and witness lists to the Government pre-trial. *See, e.g.*, *United States v. Hicks*, 103 F.3d 837, 841 (9th Cir. 1996) (holding that a district court exceeds its authority under Rule 16 by requiring pretrial disclosure of exhibit and witness lists)[1]; *see also United States v. Millegan*, No. 3:19-CR-00528-IM, 2021 WL 2637325, at *2 (D. Or. June 24, 2021) (requiring ***Government*** to serve witness list prior to trial, but recognizing that under *Hicks* the court could not compel ***defendant*** to serve witness list pretrial); *United States v. Holden*, No. 3:13–cr–00444–BR, 2015 WL 566455 (D. Or. Feb 10, 2015), *modified in part on other grounds* at 2015 WL 1514569, at *1 ("[T]he Court notes and the government conceded at oral argument that the Court ***does not have the authority*** to compel Defendant to disclose his witness and exhibit lists before trial") (emphasis added); *United States v. Wells*, 3:13-cr-008-RRB-JDR, 2014 WL 12796408, at *2 (D. Alaska Mar. 13, 2014) ("The defendant is not required to provide the government with a list of its witnesses nor tip its hand as to its defense prior to trial.").

The Court's current September 29 disclosure deadline is consistent with *Hicks* and the Court's practice in other cases where it did ***not*** require criminal defendants to disclose witness and exhibit lists prior to trial. *See, e.g.*, Scheduling Order, *United States v. Lynch,* No. 3:18-cr-00577-CRB, ECF No. 192 (N.D. Cal. June 30, 2023) (requiring defendants to disclose exhibit and witness lists one week ***after*** trial commenced); *United States v. Worthen*, No. 3:17-cr-00175-CRB, ECF No. 186 (N.D. Cal. June 28, 2018) (ordering Defendant to file witness and exhibit lists on the first

[1] *Hicks* was overruled in part in *United States v. W.R. Grace*, 526 F.3d 499, 509 & n.7 (9th 2008) (en banc), but only to the extent that the Ninth Circuit held that a district court may compel the ***Government*** to disclose witness and exhibit lists pretrial. The Ninth Circuit in *W.R. Grace* made clear that it was "not decid[ing] whether or to what extent the defense can be compelled to disclose a list of its witnesses before trial." *Id.* at n.7.

day of trial); Scheduling Order, *United States v. Hussain*, No. 3:16-cr-00462 (N.D. Cal. Aug. 8, 2017) (requiring defendant to disclose witness and exhibit lists a week ***after*** trial commenced).

The Government's reliance on Local Criminal Rule 17.1-1 is inapposite. That Rule provides: "***Unless otherwise ordered***, not less than 7 days prior to the pretrial conference, the parties shall file a pretrial conference statement addressing matters set forth below, if pertinent to the case: . . (9) Pretrial exchange of lists of witnesses intended to be called in person or by deposition to testify at trial, except those who may be called only for impeachment or rebuttal." (emphasis added). As described above, the Court has ***already ordered***, consistent with its past practice, that Defendants are to file their exhibit and witness lists by September 29. *See* April 21, 2025 Order, ECF No. 263 at 2.

The current deadlines set by the Court will not result in the type of "sandbagging" that worries the Government. (ECF No. 304 at 2.) The parties have stipulated to expert witness disclosure deadlines, and the Court has ordered Ms. He to provide pretrial notice and discovery related to an advice of counsel defense (should Ms. He choose to raise such a defense). *See* Stipulation and Proposed Order, ECF No. 299; May 28, 2025 Minute Entry, ECF No. 268. The Government has had almost 3 years to investigate this case, has interviewed hundreds of witnesses, and has obtained millions of documents, including Ms. He's slack, email, and text messaging communications through subpoena and search warrants. It cannot seriously claim that it will be blindsided if Ms. He does not disclose her witness or exhibit lists before September 29, particularly considering that, based on the estimated length of its own case-in-chief, it will have approximately an additional month before the defense case begins.

For these reasons, the Government's request for pretrial disclosure of defense exhibit and witness lists should be denied.

Dated: July 11, 2025

WILLKIE FARR & GALLAGHER LLP

By: *<u>/s/ Koren Bell</u>*
Koren Bell
Michael S. Schachter
Steven J. Ballew

Attorneys for Defendant
RUTHIA HE