WILLKIE FARR & GALLAGHER LLP
Koren Bell (SBN 268614)
kbell@willkie.com
2029 Century Park East
Los Angeles, CA 90067
T: 310-855-3016
F: 310-855-3099

Michael S. Schachter (*Pro Hac Vice*)
Steven J. Ballew (*Pro Hac Vice*)
mschachter@willkie.com
sballew@willkie.com
787 Seventh Avenue
New York, NY 10019-6099
T: 212-728-8102
F: 212-728-9102

Attorneys for Defendant
RUTHIA HE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RUTHIA HE, A/K/A RUJIA HE, and DAVID BRODY,<br><br>Defendants. | CASE NO. 3:24-cr-00329-CRB<br><br>**DEFENDANT RUTHIA HE'S OPPOSITION TO THE GOVERNMENT'S MOTION TO PRELCUDE TRIAL EXHIBIT 5186.** |

Ms. He writes in opposition to the Government's motion, *see* Dkt. 422, to preclude her from using Trial Exhibit 5186, which is a video of Done provider training (the "Video") that was embedded, via hyperlink, within a Done email entitled "Onboarding Session Part 2," dated November 26, 2020 (the "Email"). The Government seeks preclusion of the Video based on a theory that Ms. He "must have" engaged in obstruction of justice and prevented the Video from being produced in response to a grand jury subpoena—although the Government acknowledges that the Email itself was produced many years ago.

There is no legitimate basis for preclusion. Done retained Christopher Steskal of Fenwick & West LLP to represent it in connection with the grand jury subpoena. Mr. Steskal, on behalf of Done, produced more than 10.5 million pages of documents in response to the subpoena, including the Email. As part of this production, on April 10, 2023, Mr. Steskal wrote a letter to the Government and explained the difference between an email "attachment" and a hyperlinked URL. *See* Ex. A (April 10, 2023 Letter of Christopher Steskal to AUSA Foster and AUSA Green). Mr. Steskal explained that if the Government wished for Done, or Fenwick "to try to locate documents referenced through URL hyperlinks," the Government need only "identify the documents" and Fenwick "[would] attempt to identify and produce the corresponding hyperlinked documents." *Id.*

Earlier this evening, September 29, 2025, having learned of the Government's claim in Court today that Ms. He had somehow intentionally withheld the Video from Done's subpoena production in order to obstruct the grand jury's investigation, Mr. Steskal wrote to the Government in an attempt to set the record straight and eliminate any confusion. *See* Ex. B. In his letter of this evening, Mr. Steskal reminded the Government of his April 2023 offer to "identify and produce the corresponding hyperlinked" materials attached to any email, if the Government asked him to do so, and reminded the Government that it had not taken him up on this invitation. Mr. Steskal also confirmed, for the avoidance of doubt, that "while representing

Done, [he] had never been instructed by Defendant He or anyone else not to produce documents that are responsive to the DOJ's subpoenas." *Id*.

In other words, it should now be clear that there has been no obstruction of justice in connection with the Video and that Ms. He bears no responsibility for the fact that the Government had not previously seen the Video. Likewise, the Video was timely-produced by defense counsel for Ms. He prior to the Court-ordered deadline for disclosure of defense exhibits (which is today, September 29, 2025). Nor has there been any violation of Rule 16. Unlike the extensive discovery obligations it places on the *Government*, Federal Rule of Criminal Procedure 16 only requires a *defendant* to produce to the Government those specific items that the defendant has decided to "*use in his case in chief at trial*." Fed. R. Crim. P. 16(B)(1)(A); 1 Crim. Prac. Manual § 18:24 (explaining that Rule 16(b)(1)(A) "requires disclosure of documents and tangible objects the defendant intends to introduce as evidence in chief" but that "[r]ules such as Fed. R. Crim. P. 16 do not, however, give the government further disclosure rights comparable to those in (a)(1)(A) and (B).")

Although the Government repeatedly requested earlier disclosure, the Court set the disclosure deadline for Defendants' case-in-chief documents for September 29, 2025. *See* Dkt. 311 (pretrial Order setting deadline for defendants' exhibit list for September 29, 2025); Ex. C (Excerpt of Transcript of Sept. 22, 2025) at 32:11 – 33:23 (The Court: "The law is the law. Your responsibilities are set forth. . ."/ Ms. Bell: "[W]e haven't made a decision yet as to what we are proffering in our case-in-chief or whether we're even putting on one. However, in connection with our exhibit list, we're going through that exercise exactly now. . .—but obviously, part of our analysis as to whether we will present a case-in-chief and what it will look like relates to what the Government's case-in-chief is going to be." The Court: "I understand that.") Rule 16 does **not** mandate any earlier disclosure. *United States v. Weissman*, No. S2 94 CR. 760 (CSH), 1996 WL 751385, at *1 (S.D.N.Y. Dec. 26, 1996) ("The use of the conjunctive word [in Rule 16(b)(1)(A)] indicates that **the documents the defendant must produce consist**

**<u>of a single category, namely, the defendant's trial exhibits</u>**."); *United States v. Sanft*, 2021 U.S. Dist. LEXIS 219304, *10 (W.D.Wa. Nov. 12, 2021) (confirming that Fed. R. Crim. P. 16(B)(1)(A) requires nothing more than "defendants' trial exhibits" for case-in-chief purposes); *see also* Fed. R. Crim. P. 16(c) (a party who "during trial" "discovers additional evidence" that would be "subject to discovery. . .under [Rule 16]" must promptly disclose its existence to the other party).

There is no basis for preclusion. Moreover, to the extent that the Government's concern this morning was that defense counsel would use the Video during the cross-examination of Ms. Ross, before the Government had a chance to watch it in full, that is no longer an issue, since Ms. Ross is no longer on the witness stand and the Government now has ample time to review the Video before its introduction.

For these reasons, the Court should deny the Government's motion to preclude.

Dated: September 29, 2025

WILLKIE FARR & GALLAGHER LLP

By: <u>*/s/* Koren Bell</u>
Koren Bell
Michael S. Schachter
Steven J. Ballew

*Attorneys for Defendant*
RUTHIA HE