CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

RAVI T. NARAYAN (CABN 331858)
Acting Chief, Criminal Division

LORINDA I. LARYEA (DCBN 99769)
Acting Chief, Fraud Section

JACOB FOSTER (CABN 250785)
Acting Deputy Chief, Fraud Section
EMILY GURSKIS (VABN 85973)
Assistant Chief, Fraud Section

    U.S. Department of Justice, Fraud Section
    1400 New York Avenue NW
    Washington, DC 20005
    Telephone: 202-514-2000
    Jacob.Foster@usdoj.gov
    Emily.Gurskis@usdoj.gov

KRISTINA GREEN (NYBN 5226204)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, CA 94102-3495
    Telephone: (415) 436-7200
    Kristina.Green@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-CR-00329 CRB |
| Plaintiff, | |
| v. | GOVERNMENT'S MOTION TO PRECLUDE DEFENDANTS' PROPOSED READING OF PARTICULAR STATEMENTS IN EXHIBITS 89 AND 126 |
| RUTHIA HE, A/K/A RUJIA HE, and DAVID BRODY, | |
| Defendants. | |

Following the government's introduction of particular exhibits containing Defendants' statements on October 17, the Court ordered Defendants "to identify that portion of each document that [Defendants felt] should be read to the jury in terms of completeness." Tr. 2799. Pursuant to the Court's order, Defendants identified portions of Exhibits 89, 108, 112, and 126 that they felt should be read. The government has agreed that Defendants' proposed portions of Exhibits 108 and 112 may be read to the jury, but the government respectfully disagrees that Federal Rule of Evidence 106 allows Defendants to read the portions of Exhibits 89 and 126 that they have identified. The government accordingly files this motion to preclude Defendants from reading their proposed excerpts of Exhibits 89 and 126 into the record.

Rule 106 provides that where a party introduces a statement or a portion of a statement, an adverse party may introduce another statement or portion of a statement "that in fairness ought to be considered at the same time." But this codification of the common law rule of completeness serves a limited purpose, and it may not be used as an end-run around the bar on a defendant's introduction of self-serving hearsay. *See United States v. Lopez*, 4 F.4th 706, 715 (9th Cir. 2021) ("[T]he rule of completeness does not compel the admission of inadmissible hearsay evidence simply because such evidence is relevant to the case."). Instead, Rule 106 "renders additional portions of a complete document or recording relevant [only] when the opposing party distorts the meaning of the document or recording by introducing misleading excerpts into evidence." *Id.* "In other words, if the 'complete statement [does] not serve to correct a misleading impression' in the edited statement that is created by taking something out of context, the Rule of Completeness will not be applied to admit the full statement." *United States v. Vallejo*, 742 F.3d 902, 905 (9th Cir. 2014) (quoting *United States v. Collicott*, 92 F.3d 973, 983 (9th Cir. 1996)).

None of the portions of Exhibits 89 and 126 that Defendants propose to read to the jury serve to correct a misleading impression. The government read portions of Exhibit 89 that reflect Defendant Brody's recognition that Done Health P.C. was a façade used to conceal Defendant He's effective control of Done, as revealed by the winking emoji accompanying his claim that he was "not part of Done, but simply a professional corporation using Done for management services"). *See* Exhibit A (portions read by the government highlighted in orange). Defendants now propose to read in practically

the entirety of the remaining emails, even though the remaining content has no meaningful bearing on the point that the government presented to the jury. *See Lopez*, 4 F.4th at 715 ("When Rule 106 and Rule 802 collide, the critical inquiry for the trial court is the purpose for which the evidence is offered."). For example, the very first portion of Defendants' proposed readout is Defendant Brody's claim that he will "regale [Defendant He] with some of the long sad stories that will be fictionalized in [his] book exposing the corrupt debacle that is American health care and how [he has] personally suffered injury and abuse in [his] attempts to make it better." *See* Ex. A (defendant's proposed readout highlighted in yellow). Besides being irrelevant to the government's point, the portion that Defendants propose to read would clearly contravene the Court's order precluding the introduction of evidence impugning the American healthcare system at large. *See* Sept. 22 Hr'g Tr. at 44–45 (noting that the trial is "not a referendum" on federal agencies enforcing healthcare laws, and that "[e]vidence blaming subscribers' insurance and pharmacies" would likewise be excluded). Rule 106 plainly does not require reading this language.

The portions of Exhibit 126 that Defendants propose to read similarly have no bearing on the point that the government made. At trial, the government read two messages from this exhibit in which Defendant Brody admitted that "one of the big attractions" of joining Done "was not doing any clinical work," and that in fact he "[didn't] even want to be a doctor anymore." *See* Ex. B at 3 (portion read by the government highlighted in orange). In response, Defendants now propose to read eight messages in which Defendant He asks Defendant Brody about finding a nurse practitioner with a New Jersey license. *See id.* at 4–5 (Defendants' proposed statements highlighted in yellow). The relevance of these eight messages is tenuous at best, and they do not avert any "misunderstanding or distortion" hypothetically created by the government's reading of the two messages referenced above. *Vallejos*, 742 F.3d at 905 (quoting *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 172 (1988)). On the contrary, reading this series of messages about New Jersey licensing will unduly consume time at trial and weaken the protections that Rule 802 offers against the introduction of self-serving hearsay. Rule 106 neither requires nor allows such an outcome, and the government accordingly requests that the Court grant the instant motion and preclude Defendants from reading the proposed portions of Exhibits 89 and 126 to the jury at trial.

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: October 20, 2025 | Respectfully submitted, |
| 3 | | CRAIG H. MISSAKIAN |
| 4 | | United States Attorney |
| 5 | | |
| 6 | | /s/_____<br>JACOB FOSTER |
| 7 | | Acting Deputy Chief<br>EMILY GURSKIS |
| 8 | | Assistant Chief<br>ARUN BODAPATI |
| 9 | | Trial Attorney<br>Fraud Section, U.S. Department of Justice |
| 10 | | |
| 11 | | /s/_____<br>KRISTINA GREEN |
| 12 | | Assistant United States Attorney |