# Exhibit B

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHRISTOPHER NAPOLI ET AL.,

    Defendants.

No. C 10-0642 CRB

**JURY INSTRUCTIONS**

## CONTROLLED SUBSTANCES ACT

The Controlled Substances Act, Title 21, United States Code, Section 841(a)(1) and Title 21, United States Code, Section 846 make it unlawful for any person knowingly or intentionally to distribute or dispense a controlled substance or to conspire to do so. Medical professionals registered with the Attorney General, such as physicians and pharmacists, are excepted from this general prohibition as long as they comply with the legal requirements of their registration. In these instructions, the term "practitioner" means such an individual licensed or registered to dispense a controlled substance in the usual course of professional practice.

Non-practitioners may also be held accountable for violations of the Controlled Substances Act if they conspire with practitioners such as doctors or pharmacists to unlawfully distribute controlled substances, or aid and abet practitioners in the unlawful distribution of controlled substances, or engage in distribution activities when they have no authority to do so.

It is not enough for the United States to prove that a practitioner committed malpractice, intentional or otherwise. Rather, the United States must prove that the physician used his prescription-writing powers as a means to engage in illicit drug dealing and trafficking.

CONSPIRACY - LIABILITY FOR SUBSTANTIVE OFFENSE COMMITTED BY CO-CONSPIRATOR (*PINKERTON* CHARGE)

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find a defendant guilty of Distributing or Possessing with Intent to Distribute Schedule III or IV controlled substances, as charged in Count Two of the indictment, if the government has proved each of the following elements beyond a reasonable doubt:

1. a person committed the crime of distributing or possessing with intent to distribute Schedule III or IV controlled substances by means of a prescription issued by a physician not for a legitimate medical purpose and not in the usual course of professional practice, as alleged in Count Two;

2. the person was a member of the conspiracy charged in Count One of the indictment;

3. the person committed the crime of distributing or possessing with intent to distribute Schedule III or IV controlled substances by means of a prescription issued by a physician not for a legitimate medical purpose and not in the usual course of professional practice in furtherance of the conspiracy;

4. the defendant was a member of the same conspiracy at the time the offense charged in Count Two was committed; and

5. the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

POSSESSING WITH INTENT TO DISTRIBUTE SCHEDULE IV CONTROLLED SUBSTANCE

The defendants are charged in Count Two of the indictment with possession of phentermine, a Schedule IV controlled substance, with intent to distribute in violation of Section 841(a)(1) of Title 21 of the United States Code. In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

*First*, the defendant knowingly possessed the controlled substance phentermine on or about February 24, 2006, in a measurable or detectable amount;

*Second*, the defendant possessed it with the intent to deliver it to another person;

*Third*, the delivery to another person was made by means of a prescription issued by a physician not for a legitimate medical purpose and not in the course of professional practice; and

*Fourth*, the defendant knew and intended that the delivery be made by means of a prescription issued by a physician not for a legitimate medical purpose and not in the usual course of professional practice.

It does not matter whether the defendant knew that the substance was a SchedulIV controlled substance. It is sufficient that the defendant knew that it was some kind of a prohibited drug.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.