United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

USA,

Plaintiff,

v.

RUTHIA HE, A/K/A RUJIA HE, and DAVID BRODY,

Defendant.

Case No. 24-cr-00329-CRB

**ORDER ON MOTION TO MODIFY PRELIMINARY ORDER OF FORFEITURE AND STAY PENDING APPEAL**

The Court previously granted the Government's motion for forfeiture of property, which included forfeiture of all of Defendant Ruthia He's shares in Done Global, Inc. Order (dkt. 657). Because the Court did not affirmatively determine whether Defendant sought a jury determination on the forfeitability of specific property under Federal Rule of Criminal Procedure 32.2(b)(5)(A), Defendant asks this Court to modify its order to remove forfeiture of her shares and, in the alternative, stay the forfeiture. Mot. (dkt. 662). The Government opposes and contends that such an error would be harmless. Opp'n (dkt. 663). The Court **GRANTS** Defendant's motion only as to a stay pending appeal.

The Court agrees with Defendant that it was an error to not verify her position on a jury determination. But it also agrees with the Government that the error was harmless. The Ninth Circuit has held that the "failure of [a] district court to inquire . . . whether either party requested a jury determination on the nexus between the property sought and the crime" is "harmless." United States v. Mancuso, 718 F.3d 780, 799 (9th Cir. 2013) (reversing denial of forfeiture motion). That is because "there is no constitutional 'right to a jury verdict on forfeitability' in a criminal forfeiture proceeding." United States v.

United States District Court
Northern District of California

Phillips, 704 F.3d 754, 769 (9th Cir. 2012) (quoting Libretti v. United States, 516 U.S. 29, 49 (1995)). Accordingly, the Court declines to remove the forfeiture of Defendant's shares from its prior order.

Nevertheless, the Court grants Defendant's motion for a stay pending appeal. The Court stays its order to the extent that it requires transfer of Defendant's shares to the Government. As a condition of the stay, the Court orders Defendant to deposit her shares—that she directly or indirectly has an interest in—to the Registry of the Court forthwith. Such a condition will preserve the status quo and account for the substantial likelihood that Defendant He may transfer her assets without such a stay.

For the foregoing reasons, the Court **GRANTS** Defendant's motion to stay the Court's forfeiture order, subject to the condition discussed above.

**IT IS SO ORDERED.**

Dated: July 16, 2026

CHARLES R. BREYER
United States District Judge