CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

DAVID COUNTRYMAN (CABN 226995)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7303
FAX: (415) 436-7234
david.countryman@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RUTHIA HE, A/K/A RUJIA HE,<br><br>Defendant. | ) | No. 24-CR-00329 CRB<br><br>**~~[PROPOSED]~~ RESTRAINING ORDER (MINDFUL SUNSHINE]** |

Upon consideration of the government's opposition to Defendant Ruthia He's Motion to Modify the Order of Forfeiture, and all prior submissions and proceedings in the record, the Court hereby FINDS:

1. On November 18, 2025, the jury returned a verdict, finding Defendant He guilty on (a) one count of Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. § 846; (b) four counts of Distribution of Controlled Substances and Aiding and Abetting, in violation of 21 U.S.C. § 841(a) and (b)(1)(C) and 18 U.S.C. § 2; (c) one count of Conspiracy to Commit Health Care Fraud, in violation of 18 U.S.C. § 1349; and (d) one count of Conspiracy to Obstruct Justice, in violation of 18 U.S.C. § 1512(k).

2. On July 9, 2026, the Court issued an Order for a forfeiture money judgment in the amount of $91,311,290 and forfeiture of all of Defendant Ruthia He's shares in Done Global, Inc.

3. Pursuant to 21 U.S.C. § 853(g), upon entry of an order of forfeiture the Court "may, upon application of the United States, enter such appropriate restraining orders or injunctions, require the execution of satisfactory performance bonds, appoint receivers, conservators, appraisers, accountants, or trustees, or take any other action to protect the interest of the United States in the property ordered forfeited."

4. Pursuant to pertinent statutes and case law, a postconviction order issued to preserve forfeitable property may restrain not only the defendants and the allegedly forfeitable assets, but also the conduct of uncharged persons and entities that have access to or control over the allegedly forfeitable assets.

5. The government has made a sufficient showing that it is entitled to satisfy the money judgment issued against defendants Ruthia He and this Order is necessary to preserve the availability for forfeiture of substitute assets. Furthermore, the Order is appropriately tailored to achieve that end.

WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. Restraining the Subject Accounts: Stripe is hereby Ordered to refrain from attempting or completing any action that would affect the availability of the following account for forfeiture to the United States, including but not limited to withdrawing, assigning, pledging, distributing, encumbering, wasting, secreting, foreclosing upon, or otherwise disposing of, or removing all or any part of any interest, direct or indirect:

| Institution | Account Name | Account Number | Customer ID |
|---|---|---|---|
| Stripe Inc. | Mindful Sunshine Wellness, | [redacted] | |

2. Deposits Into Restrained Accounts: Any and all deposits into any restrained accounts, including wire transfers, shall be accepted into the accounts and shall thereafter be restrained pursuant to this Order so long as the total amount restrained does not exceed $91,311,290.

3. Preserving Availability and Value of Assets: All persons and entities who have or may assert any access to, interest in, control over, or legal claim to assets of Done Global, Inc., including but not limited to Done Health P.C., Mindful Mental Wellness P.A., Done Medical CA, P.C., Mindful Mental Wellness, P.A., Done Medical NJ P.C., Cloud Health and Wellness PC, Mindful Sunshine

Wellness, P.A. (the "Subject Entities"), [redacted] and their agents, servants, employees, attorneys, family members, and those persons in active concert or participation with it/them, are hereby restrained, prohibited, and enjoined from attempting or completing any action that would affect the availability, marketability or value of the assets of the Subject Entities, including but not limited to selling, assigning, pledging, distributing, encumbering, wasting, secreting or otherwise disposing of, or removing from the jurisdiction of this Court, all or any part of their interest, direct or indirect, in the Subject Entities.

4. <u>Further Orders Necessary to Effectuate Order</u>: Under the authority of 21 U.S.C. § 853(g), 28 U.S.C. § 2461(c) and the All Writs Act, 28 U.S.C. § 1651(a), the Court may issue any further orders necessary to effectuate the terms and/or purposes of this Order, including but not limited to amending this Order to include additional substitute assets that may be identified by the government, so long as the total value of restrained assets does not exceed $91,311,290.

5. <u>Service of Order by the United States</u>: The United States shall promptly serve a copy of this restraining order upon all appropriate individuals and/or entities, and make a return thereon reflecting the date and time of service.

6. <u>Expiration of Restraining Order</u>: This Restraining Order shall remain in full force and effect until further order of this Court.

IT IS SO ORDERED

DATED: August 14, 2026



HON. CHARLES R. BREYER
United States District Judge